UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ELI PORTNOY

  Plaintiffs,
v.

MEI CONDOMINIUM ASSOCIATION, INC,
and ANNA STRICKSTEIN-ZANDMAN.

  Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Eli Portnoy, by and through the undersigned counsel, hereby sues Defendants, MEI Condominium Association, Inc., and Anna Strickstein-Zandman, and in support thereof state and allege as follows:

1. The Court has original jurisdiction pursuant to 42 U.S.C. §1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*, and supplemental jurisdiction under 28 U.S.C. § 1367, over Plaintiff's claims under the Florida Fair Housing Act, § 760.20, *et seq*., specifically, Section 760.23(2); 760.23(8) and (9)(b), and 760.37, Florida Statutes.

2. Venue is proper under 28 U.S.C. § 1391(b) as this is the district in which the events giving rise to Plaintiffs' claims occurred, and where the subject property and Defendants reside and/or do business within.

3. Plaintiff, Eli Portnoy (hereinafter "PORTNOY") is currently a resident of Miami Dade County, Florida, a qualified person with a disability under the Fair Housing Act, and 42 U.S.C. § 3602(h), and is otherwise *sui juris*.

Page 1 of 11

4. Defendant, MEI Condominium Association, Inc, (hereinafter "MEI") is a Florida not for profit corporation, licensed to and doing business in Miami Dade County, Florida. MEI operates and maintains a condominium building, located at 5875 Collins Avenue, Miami Beach, Florida 33140, and the subject property to this action.

5. Defendant, Anna Strickstein-Zandman, (hereinafter "STRICKSTEIN"), was at all times relevant to the events described herein the President of the Board of Directors of MEI Condominium Association, Inc, and a resident of Miami-Dade County, Florida, otherwise *sui juris*.

6. Defendant, MEI Condominium Association, Inc, is operated by a Board of Directors, (hereinafter "BOD" or "Defendants" collectively with Defendant, "MEI"). These members of the Board of Directors were personally involved in each and every discriminatory act mentioned infra during their tenure as Members of the Board of Directors. As such, each reference to MEI includes each and every member of the Defendant members of the Board of Directors.

7. The rental unit at issue is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

## GENERAL ALLEGATIONS

8. PORTNOY is an individual who lives with a mental disability under 42 U.S.C. §3602(h), therefore a member of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination by virtue of his disability.

9. Defendant, MEI is a condominium association operated by a Board of Directors, in the business of maintaining and operating the condominium, located at 5875 Collins Avenue, Miami Beach, FL 33140.

10. Defendant, STRICKSTEIN was at all times relevant to the events described herein the president and/or agent of MEI, acting within the scope of her position with regard to managing the operations, and enforcing the declarations, covenants, rules, and regulations of the Association.

11. PORTNOY is a former tenant of Unit. 906 within MEI located at, 5875 Collins Avenue, Miami Beach, FL 33140, under the rules and regulations of MEI.

12. On or around July 16, 2021, PORTNOY suffered a seizure, all the tests over the following weeks came back negative and the determination was that he had to reduce stress and stressful communications with others.

13. On October 28, 2021, PORTNOY submitted notes from his doctor and therapist notifying MEI of his disability and requesting accommodation that someone other than STRICKSTEIN interact with him about any business regarding his residency.

14. On or about November 2, 2021, PORTNOY was denied access to the gym and other amenities. STRICKSTEIN advised that he was not healthy enough to use the gym and the other amenities based on the letter that he submitted from his doctors.

15. On or about November 3, 2021, PORTNOY submitted a medical letter from Brad Kerschensteiner, LMFT, dated October 31, 2021, and one from Tania Velez-Calao, M.D., dated October 28, 2021, which verified the need for the requested accommodation.

16. On November 11, 2021, informed PORTNOY they were not going to assign another Board Member to assist and communicate with him. Defendants stated it is within the Association's right to address issues as they arise.

17. On November 11, 2021, MEI further denied PORTNOY to use the gym until he submitted a medical letter from his treating physician clearing him to use the gym.

18. On November 12, 2021, MEI informed PORTNOY that his lease would not be renewed and required that he vacate by March 2022.

19. On November 13, 2021, Brad Kerschensteiner, LMFT, submitted a medical letter clearing PORTNOY to use the gym, and explaining why it is necessary for him to use the gym. MEI informed Mr. Kerschensteiner, LMFT, PORTNOY is not permitted to use the gym until the Association receives a medical letter from its treating physician clearing him to use the gym.

20. On November 13, 2021, Defendants further stated to Mr. Kerschensteiner, LMFT:

"These 'positions' that he is taking and using health-care professionals to espouse on his behalf, may now be coming back to 'bite' him in his use of the Association's amenities."

21. Defendants denied reasonable accommodation, which is necessary and required because of PORTNOY's disability, and which would allow PORTNOY the full use and enjoyment of his dwelling, privileges, or services and facilities.

22. Defendants, with knowledge of Plaintiff's protected class status, willfully discriminated against Plaintiff under the same terms and conditions that were applicable to all persons who were qualified or eligible renters.

23. Defendants denied Plaintiff's request for accommodation, which was necessary to afford PORTNOY the equal use and enjoyment of the home and his use and enjoyment of common and public areas of housing.

24. Defendants' statement to Mr. Kerschensteiner, LMFT make it clear that Defendants intended to deprive Plaintiff of his right to reside at MEI in violation of the Fair Housing Act and deny PORTNOY his request for accommodation.

25. As a result of Defendants' actions described above, Plaintiff has suffered and continues to suffer irreparable loss and injury including, but not limited to loss of a housing

opportunity, humiliation, embarrassment, emotional distress, and deprivation of PORTNOY's right to equal housing opportunities regardless of his disability.

26. Defendants knew they were violating the Fair Housing Act yet acted with deliberate disregard to Plaintiff's rights under federal and state law. As a result of Defendants' discrimination on the basis of disability, Plaintiff also suffered non-economic injuries, such as mental anguish, grievous emotional distress, embarrassment, frustration, anxiety, humiliation, loss of capacity for the enjoyment of life, loss of personhood and civil rights, and other personal injuries resulting from Defendants' discriminatory actions.

27. Further, Defendants acts, conduct and/or omissions regarding Plaintiff was and continues to be intentional, malicious, and in wanton or reckless disregard of Plaintiff's rights and feelings due to PORTNOY's disability, entitling Plaintiff to an additional award of punitive damages and/or exemplary damages. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

28. Defendant's actions were in deliberate disregard of Plaintiff's federal and state protected rights. A handicapped plaintiff proceeding under the Fair Housing Amendments Act can rely on "disparate treatment," "disparate impact" or "reasonable accommodation theory". *Douglas v. Kriegsfeld Corp.*, 884 A.2d 1109, 1128-29 (D.C. 2005); *Schwarz v. City of Treasure Island,* 544 F.3d 1201, 1218-19 (11th Cir. 2008). Here, plaintiff relies on a failure to reasonably accommodate theory to support his claims against Defendant in this matter.

29. On June 23, 2023, the Florida Commission of Human Relations determined there is reasonable cause to believe, that Plaintiff was subjected to discriminatory housing practice from Defendants with regards to the allegations of violation of Florida Statutes, Sections 760.23(2),

Service or Facilities, 760.23(8) and (9)(b), Failure to Grant Reasonable Accommodation, and 760.37, Hostile Environment Harassment and Retaliation, against Defendants.

30. Any other conditions precedent to the filing of this action have been satisfied or have been waived.

31. Plaintiff has retained J. Courtney Cunningham, PLLC., to represent them in this action and agreed to pay a reasonable fee for their services.

### COUNT I - FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF 42 U.S.C § 3604(f)(3)

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. Defendant has actual knowledge that PORTNOY has a disability and regarded him as a person with a disability, a member of a protected class.

34. PORTNOY requested Reasonable Accommodation to MEI's rules, policies and/or services.

35. The requested accommodation was necessary to afford PORTNOY an equal opportunity to use and enjoy the dwelling.

36. Defendants denied the requested accommodation. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, including public or common use areas. 42 U.S.C. § 3604(f). Defendants' actions were in total and reckless disregard of Plaintiffs' rights and indifferent to the medical condition or needs of PORTNOY.

37. As a result of this unlawful discrimination, Plaintiffs have suffered injury, loss of housing opportunity, damages, mental anguish, grievous emotional distress, embarrassment,

shame, worry, frustration, and humiliation. These losses are either permanent or continuing and Plaintiffs will suffer these losses in the future.

### COUNT II - IMPOSING DISCRIMINATORY TERMS AND CONDITIONS OR PRIVILEGES OF THE PROVISION OF SERVICES OR FACILITIES IN CONNECTION WITH A DWELLING IN VIOLATION OF 42 U.S.C. § 3604 (f)(2)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

39. Plaintiff is a member of a protected class, being a person with a disability.

40. Plaintiff was a resident at MEI Condominium, because he requested reasonable accommodation, he was prohibited from using the gym and recreational facilities because of his disability.

41. Defendant imposed unfavorable terms, conditions and privileges on Plaintiff's residency.

42. Defendant did not impose such terms or conditions on similarly situated tenants not of Plaintiff's protected class.

43. Such actions by Defendants were in total and reckless disregard of Plaintiff's rights and indifferent to the psychological conditions or needs of PORTNOY.

44. As a result of Defendants' actions, PORTNOY was subject to discrimination in the terms and conditions of the services and facilities of his condominium, by limiting the full and equal enjoyment of the condominium.

45. Further, as a direct and proximate result of Defendants' discrimination against PORTNOY, PORTNOY has suffered irreparable loss and injury including, humiliation, emotional distress, and deprivation of his right to equal housing opportunities regardless of disability.

46. Defendants' behavior in preventing PORTNOY from fully enjoying the privileges and conditions of his residence at the MEI condominium building are discriminatory and unlawful.

## COUNT III – HARRASSMENT AND RETALIATION
## UNDER THE FEDERAL FAIR HOUSING ACT

47. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 31 above as though fully set forth herein.

48. Plaintiff is a member of a protected class, being a person with a disability.

49. The Fair Housing Act, 42 U.S.C. § 3617, et seq., makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of, or on account of her or his having exercised, or on account of her or his having aided or encouraged any other person in the exercise of any fair housing right.

50. Upon moving requesting a reasonable accommodation, and exercising his rights under the Fair Housing Act, Plaintiff, was subject to retaliation, including, but not limited to the following:

    a. denied the use of gym and other recreational services.

    b. requiring a clearance letter from primary Dr.

    c. not accepting clearance letter from Mr. Kerschensteiner, LMFT and stating:

    "These 'positions' that he is taking and using health-care professionals to espouse on his behalf, may now be coming back to 'bite' him in his use of the Association's amenities."

51. The retaliation provisions of the Fair Housing Acts have been broadly applied to reach *all practices* which have the effect of interfering with the exercise of rights under the federal fair housing laws."

52. Such actions of Defendant were for the purpose of coercing, intimidating, threatening, or interfering with the residents' exercise of their fair housing rights.

53. Defendants were personally involved in, authorized and ratified each and every discriminatory act and denial of accommodation for Plaintiffs herein.

54. Further, as a direct and proximate result of Defendants refusal to accommodate, Plaintiffs have suffered irreparable loss and injury including but not limited to loss of housing opportunities, actual damages, humiliation, emotional distress, and deprivation of their right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff, Eli Portnoy demands judgment against Defendants, MEI Condominium Association, Inc, and Anna Strickstein-Zandman, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants' discriminatory actions, and preventing discrimination in the future as follows:

a. That the Court declare that the actions of the Defendant violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against persons with disabilities

b. That the Court enjoined the Defendants from discriminating against Plaintiffs and enjoining Defendants denying Plaintiffs the equal housing opportunity.

c. That the Court order Defendants to provide notice to all owners and tenants of the properties they own and operate of their rights under the Fair Housing Act, including their right to have accommodations because of a disability;

d. That the Court order that Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants of the terms of the Court's Order and the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

e.  Enter declaratory judgment that the actions of Defendants, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, are discriminatory against persons with disabilities and illegal under the FHAA.

f.  Preliminarily and permanently enjoin Defendants, and its agents, employees and successors, and all other persons in active concert or participation with Defendants, from further discrimination against people with disabilities in residential real estate transactions.

g.  Grant affirmative relief as may be necessary to remedy Defendants' past discriminatory practices and decisions, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, and to insure Defendants, and any other owners, agents or representatives, if any , acting in concert and agreement with Defendants, do not discriminate on basis of disability in the future including, but not limited to, fair housing training, monitoring and reporting;

h.  Award actual and compensatory damages to compensate Plaintiff for economic losses and damages, and non-economic injuries, such as emotional distress, loss of civil rights, and humiliation and embarrassment caused by the discrimination and unlawful steering by Defendants, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, in an amount to be proven at trial;

i.  Grant Plaintiff an award of punitive damages and/or exemplary damages as a result of Defendants deliberate, intentional, overt, willful and flagrant discrimination, and any other owners, agents or representatives, if any, acting in concert and agreement

with Defendants, in an amount that reflects the dual purposes of punishment and deterrence;

j. Grant Plaintiff an award of attorney fees, costs, and pre-judgment and post-judgment interest incurred in bringing this action; and

k. Grant such other and additional relief that the Court deems just and equitable under the circumstances.

**THE PLAINTIFFS DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**

Respectfully Submitted this September 11, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiffs*